# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-0076V
UNPUBLISHED

| | |
|---|---|
| HEATHER PHILLIPS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 26, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Emily H. Manoso, U.S. Department of Justice, Washington, DC,* for Respondent.

**RULING ON ENTITLEMENT**[1]

      On January 5, 2021, Heather Phillips filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine in her right shoulder on November 13, 2019. Petition at 1. Petitioner further alleges that she suffered the residual symptoms of her injury for more than six months. Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

      On May 26, 2023, Respondent filed an Amended Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that "petitioner has now satisfied the criteria

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

set forth in the Vaccine Injury Table ('Table') and the Qualifications and Aids to Interpretation ('QAI') for SIRVA." *Id.* at 6. Respondent further agrees that "petitioner had no history of pain, inflammation or dysfunction in her right shoulder; her pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms. 42 C.F.R. § 100.3(a), (c)(10). In addition, given the medical records outlined above, petitioner has satisfied the statutory requirement that petitioner's injury lasted for at least six months as required by 42 U.S.C. § 300aa-11(c)(1)(D)(i)." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master